[Civ. No. 9746.   First Appellate District, Division Two.—November 8, 1935.]

MERCHANTS FINANCE CORPORATION, Respondent, v. R. O. WARING, City Treasurer, etc., Appellant.

F. Bert Fernhoff, City Attorney, and Homer W. Buckley, Assistant City Attorney, for Appellant.

Eugene K. Sturgis for Respondent.

SPENCE, J.—This is an appeal by the Treasurer of the City of Oakland from a judgment of the superior court directing that a writ of mandate issue compelling said treasurer to cancel a certain street improvement bond "without the payment of any penalties to the City of Oakland". In order to avoid confusion, we will refer to the parties as plaintiff and defendant rather than as petitioner and respondent.

The facts are undisputed. Plaintiff was the owner of improvement bond No. 26 of series 934 issued in 1929 pursuant to the provisions of the Improvement Act of 1911 (Stats. 1911, p. 730) and acts amendatory thereto. Said bond represented the amount of the assessment levied against the real property described therein for the payment of certain street work. At the time of the issuance of said bond, sections 62 and 63 of said act provided for certain penalties in case of default in payment of principal or interest. Said section 63 provided in part "In case of such default, there shall be immediately added to such defaulted amount, five per cent of the amount thereof, and on the first day of each month following such default there shall be added a further penalty of one per cent of such defaulted amount. The city shall be entitled to one-half the penalty first imposed, namely, two and one-half per cent and the other two and one-half per cent and all subsequent penalties shall be paid to the holder of the bond along with and as a part of such defaulted payment."

Default was made in the payment of principal and interest due under said bond. Thereafter, but before plaintiff commenced its action to foreclose said bond, said sections 62 and 63 of said act were amended (Stats. 1933, chaps. 917 and 1032). The effect of the amendments was to reduce the five per cent penalty to one per cent and to provide that all penalties should be paid to the bondholder, thereby eliminating the provision entitling the city to a portion of the penalties.

When plaintiff commenced its action to foreclose, it demanded only the one per cent penalties provided in the amendments of 1933. The property owner defaulted and a

decree of foreclosure was entered in accordance with the prayer of plaintiff's complaint. Plaintiff was required to tender said bond to the Treasurer of the City of Oakland, but upon tendering said bond, said treasurer refused to accept or cancel the same unless plaintiff paid to the city of Oakland the sum of $12.29 being the amount alleged to be due to the city of Oakland as penalties by reason of the provisions of said sections 62 and 63 prior to the amendments of 1933. Thereupon plaintiff petitioned for a writ of mandate to compel defendant to cancel said bond upon the records of the city of Oakland without the payment of any penalties to the city of Oakland and the trial court entered its judgment directing the issuance of the writ.

It is clear from what has been said that the controversy here is solely between the bondholder and the Treasurer of the City of Oakland as the representative of said city and involves no question of the rights of the bondholder against the land owner. The defendant as the representative of the city is apparently standing upon the city's alleged contractual right to the penalties provided in the act before the amendments of 1933 and contends that the case of *Islais Co.* v. *Matheson,* 3 Cal. (2d) 657 [45 Pac. (2d) 326], is "completely determinative of every issue raised by this case". Defendant's contention may not be sustained. In the case cited, it is clearly pointed out on page 662 that the controversy there was one involving the contractual rights between the bondholders and the land owners and was not one where the state or any of its taxing agencies was claiming any contractual rights to a penalty on its own behalf. We are of the opinion that the city of Oakland had no contractual right to the penalties which it claims and this view finds support in the language used in one of the authorities cited by defendant (*Hershey* v. *Cole,* 130 Cal. App. 683, 687 [20 Pac. (2d) 972]). We are further of the opinion that when the portion of the act entitling the city to certain penalties was repealed, such repeal acted as a remission of such penalties. (25 Cor. Jur. 1213; 20 Cal. Jur. 983; see, also, *Islais Co.* v. *Matheson, supra.*)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 7, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.